LAND, J.
Act No. 260 of 1914, “to define motor vehicles and to prov.ide for their registry, and imposing a license therefor, and providing penalties for any violations of this act,” submitted to the electors as a part of *553 a proposed constitutional amendment, reading:
“The General Assembly shall provide for the registration of automobiles and motor vehicles and provide a liceñse tax for the use thereof. And all provisions of the Constitution in conflict herewith are to this extent repealed”
—was adopted by the vote of the people.
The salient provisions of this constitutional amendment may be stated as follows:
The registration of every motor vehicle operated or driven upon public highways in the office of the secretary of state, upon the payment of a license fee of 25 cents for each horse power of the motor, provided that the minimum fee shall be $5. All motor cars were made subject to this license.
The registration of the sale or transfer of every motor vehicle which has been registered in accordance with the provisions of the act.
The funds collected, under the provisions of the act, less certain expenses, are to be distributed as follows:
To the parish treasurer of each parish all of the funds collected from persons, firms, or corporations residing in the respective parishes throughout the state.
To the commissioner of finance of the city of New Orleans all of the fund collected from persons, firms, or corporations residing in the parish of Orleans.
The funds so distributed are dedicated to the construction, maintenance, and operation of public highways, roads, bridges, etc.
A striking feature of this legislation is that the state undertakes to impose and collect license fees for the use and benefit of the respective parishes of the state, and delegates no power over the subject-matter to any of its political subdivisions.
In December, 1914, the council of the city of Shreveport adopted an ordinance levying license fees on all motor vehicles registered under Act 260 of 1914, based on horse power of motor, and at the same rate specified in said act. In short the ordinance adopted all the provisions of that statute that can be applied to motor vehicles within the limits of a municipality.
By subsequent resolution, the city council dedicated all sums collected as licenses from automobiles to the improvement and maintenance of the streets of the city.
In February, 1915, the city of Shreveport ruled the defendant into the city court to show cause why judgment should not be rendered against him for $12.25, with legal penalties, for license taxes on two automobiles belonging to said defendant.
Defendant, for answer, denied the legal right of the city of Shreveport to levy license taxes on his automobiles, and specially averred that said city is only permitted to levy license taxes on trades, callings, occupations, and professions, and has no authority to levy a license tax on property. Defendant further averred that he was not using his automobiles in any business pursuit, and assailed the city ordinance in question as unconstitutional, because subjecting property to license taxation and to double taxation, beyond the limitations of the organic law.
Defendant further averred that he had paid his license tax or registration fees on said automobiles to the state for the year 1915.
In his written opinion the trial judge says:
“The' case was tried upon a statement of facts, wherein it was admitted that the defendant was not engaged in any business, trades, occupations, profession, or calling with his automobiles which demanded the payment of a license for pursuing'; that he has been assessed with and paid taxes to the state, parish, and city of Shreveport upon this property, and that said taxes were, in so far as the city of Shreveport is concerned, the full limit of the mills allowed by the Constitution of the state.”
The rule was tried, and discharged on the ground that the tax imposed by the city ordinance is unconstitutional, illegal, and void. The city of Shreveport has appealed.
[1] As the ordinance in question is, by its terms, restricted “to all registrations made *555 under the provisions of Act 260 of 1914,” it cannot be contended that the license fee imposed by the ordinance is a registration fee for services rendered by some officer of the city.
Act 260 of 1914 requires the secretary of state to receive and file any application for the registration of a motor vehicle and register the same, with the name, residence, and business address of the owner, manufacturer, or dealer, as the case may be, together with the facts stated in such application, in a book or index kept for the purpose, under the distinctive number assigned to such vehicle by the secretary of state.
The same act further requires the secretary of state, upon the payment of the proper license fee, to issue and deliver to the owner, without further expense, a certificate of registration, and two metal number plates of a certain size. The statute requires other services from the secretary of state, which need not be detailed, and provides that all of the incidental expenses necessary to carry into effect and enforce the provisions of the act shall be charged against the proceeds of the tax on motor vehicles.
Hence in considering the said ordinance the question of the right of the plaintiff to impose and collect a registration fee may be eliminated.
[2] The contention of the plaintiff that the ordinance is valid as a license tax for revenue purpose is refuted by the provisions of article 229 of the present Constitution, which provides that the General Assembly may levy a license tax, “to be collected from persons pursuing the several trades, professions, vocations and callings,” except “clerks, clergymen, school-teachers, those engaged in mechanical, agricultural and horticultural pursuits, and manufacturers other than those of distilled alcoholic or malt liquors, tobacco, cigars and cotton seed oil,” and which declares that “no political corporation shall impose a greater license tax than is imposed by the General Assembly for state purposes,” except in case of dealers in distilled, alcoholic or malt liquors.”
It is too plain for discussion that under the provisions of said article no warrant can be found for the levy of license taxes, except on trades, professions, vocations, and callings, not specially exempted from the operation of said article.
In the case at bar, a license tax is sought to be collected from the defendant, not on account of his calling or vocation, but because he is the owner of two motor cars, used by him for the convenience and pleasure of himself and family.
The argument for the plaintiff is, in effect, that the city of Shreveport has the same powers of taxation under 'the amendment of 1914, as she has under article 229 of the' Constitution of 1898-1913. The answer is that article 229 granted to municipalities the power to impose license taxes on trades, professions, vocations, and callings, whereas the constitutional amendment of 1914 delegates to municipalities no' power whatever over the subject-matter of imposing license taxes on motor vehicles. The General Assembly realized that it had no power, under the Constitution of 1898-1913, to impose such a tax, and therefore submitted Act 260 of 1914 as a proposed constitutional amendment to the people, who by their vote approved and ratified the same, in the interest of the construction of good roads in the parishes of the state. We feel satisfied that neither the Legislature, nor the voters, ever intended or contemplated that the amendment should be used for the purpose of authorizing the license taxation of motor vehicles in every city, town, and village of the state.
The legislative intent to subject motor vehicles already taxed under the general law, to a double license taxation, cannot be presumed or eked out by inference or conjecture. Such a power must be denied, when it has not been granted in unequivocal terms. Me *557 Quillin on Municipal Corporations, vol. 3, § 987.
Judgment affirmed.'